24-27-95 Good morning, Matthew Bersenden for Mr. Jackson. The lower court erred in refusing to charge the jury on the lesser-included charge of simple possession. And the standard, of course, is whether any reasonable jury could have found that Mr. Jackson was guilty of simple possession while acquitting him of a more serious charge involving distribution. Do you agree that we review that for an abuse of discretion? I do, Your Honor. I do, Your Honor. And I would submit that the lower court did abuse its discretion in this case. There was not simply one, but I would respectfully submit two paths by which a reasonable jury could have easily reached the conclusion that Mr. Jackson possessed these substances without an intent to distribute. The first being the evidence of an intent to distribute in general was far from overwhelming in this case. This case lacked all of the types of evidence we typically see in a federal narcotics prosecution. There's no CI, there's no controlled purchases, there's no surveillance of people going in and out of the apartment, there's no wiretap, there's no electronic data, there's no text messages, there's no ledgers. The bottom line is there's no direct evidence whatsoever that Mr. Jackson sold drugs to anyone. So you need to win on sufficiency in addition to the simple possession instruction, the appropriateness of that for this argument? I don't believe so, Your Honor. In some ways, I think it's the inverse, right? With a sufficiency argument, it's my obligation to demonstrate to this court that no reasonable possession with an intent to distribute. But when the question becomes whether- But the jury here already found possession with an intent to distribute, at least as to Pope. So your theory is that- That is not conclusive as to whether or not the lower court erred in refusing to charge simple possession, right? But under that theory, I think to follow on Judge Park's question, that would mean that your theory has to be if the jury had been charged with simple possession, they necessarily would not have convicted on possession with intent? Is that- And that's not the standard, Your Honor. Because if that were the standard, this issue could never be raised on appeal, right? It would create virtual catch-22. But even if we agreed you were right that the court should have charged simple possession, does that or does that not change our analysis of the sufficiency claim? They're two separate issues, Your Honor. I understand. That's my point, is let's say we say you were right, should have been charged with simple possession. The jury should have been charged.  If we then find under this extremely generous-to-the-government standard that the evidence was sufficient to convict on possession with intent, what difference does the lack of the jury charge on possession make? The difference is the remedy that the defendant is entitled to, right? If I were to win on a sufficiency argument, that would simply be the end of the case. No, no. Where's the- Right. But what I'm arguing before the court at this moment is I'm arguing that there was a charge in refusing to charge a lesser-included. And if I prevail on this argument, what I win is a new trial. That's the difference between- Even if we find that the evidence was sufficient to convict on the possession with intent? Yes. It doesn't become harmless error merely because there was sufficient evidence. Again, if that were the standard, it would be impossible to raise this case, this argument ever on appeal, right? Because it would only be a viable argument if the defendant was acquitted, and acquitted defendants don't generally take appeals. Well, what evidence was there that the drugs were for your client's personal use as opposed to for distribution? So, what I would submit, Your Honor, obviously there was not a defense case put on. But that's not the standard. The standard, again, is whether any rational jury could have possibly found, reached the conclusion that the government failed to prove beyond a reasonable doubt that these drugs were for distribution. And, again, there are two paths by which a jury could have reached that conclusion. As I said, number one, the evidence of distribution in itself is not overwhelming in this case. There's no direct evidence. I'm just going to, forgive me for interrupting, to go back to my first question on abuse of  The way you just stated it, you say we look at it and we say if a rational jury could have concluded that on this record he would have been found guilty of simple possession and acquitted of distribution, then the charge has to have been given, right? Well, let's say we think, well, a rational jury could have concluded that, and a rational jury could have convicted him, like this jury could have convicted him of distribution. And we say, well, the district judge picked one. Why is it an abuse of discretion? And you seem to be answering it by saying it's an abuse of discretion every time a rational jury could have the second factor. I think that's correct. Then that's not an abuse of discretion standard. I think the test before, this was the test that was before the district court, right? Whether or not a rational jury could have reached a conclusion that this individual is guilty of possession without being guilty of distribution. Then where's the discretion? Well, obviously, the district court is in the position of having viewed the trial, looking at all the evidence, and we tend to provide discretion to a district court under those conditions, but this court has the ability to take a step back, look at this evidence, and if it's clear that there was a path here, then that's an abuse of discretion. Then the judge misapplied the applicable standard. I just don't see how that's an abuse of discretion standard. That's an objective. Could a rational jury have reached this conclusion? There's no discretion in that. If that's the question we're asking, and maybe you're right, that there's an oddity about lining up that question under the abuse of discretion standard. My mind, candidly, doesn't quite know how to do that, which is why I started with the question of is it an abuse of discretion standard. I understand the tension Your Honor's pointing to. I've seen cases from this circuit saying it's an abuse of discretion standard, so I don't think I can argue that it's otherwise. But it's very clear what the test that the judge was supposed to apply was, and it's clear that under this fact pattern, a reasonable jury could have easily found that he was guilty of possession without being guilty of distribution. Even though there's a full uncut rock in this stash, right? So there's two arguments that I want to advance here, and two paths by which I think a jury could have reached this conclusion. The first being what I already alluded to, is that, yes, there's what they described, what the expert described as a medium amount of drugs. This isn't a kilogram amount of narcotics, right? We're talking about grams found in someone else's apartment. Could it possibly support an inference of distribution? Possibly, but it was not overwhelming. So I think just on those facts, a jury might have said, I'm just not comfortable the government has proven its case beyond a reasonable doubt. But there's a second layer of argument here, and that is, even if a jury was inclined to believe that these drugs were intended for distribution, raises the question, intended by whom, right? Mr. Jackson had lived in this apartment for two months. All of the contraband was found in Ms. Polk's purse. Ms. Polk told the agents that the narcotics proceeds belonged to her, the purported narcotics proceeds belonged to her, not Mr. Jackson. The drugs were stamped with the silhouette of a female figure, were labeled Foxy, and we know Ms. Polk... And that makes you assume it was a female dealer? I'm not sure I'd draw the same inference, Counsel, that's all I'm saying. The testimony was that sometimes things are stamped for marketing purposes. So that goes to distribution. That's evidence of distribution. My point being distribution by whom, right? I think a rational juror could have looked at these facts, and the argument was that Ms. Polk was the person distributing the drugs. The government throughout this case leaned heavily, heavily, on the idea of constructive possession. If he knew the drugs were in the apartment, if he exercised control over them, that's constructive possession. And they didn't really dispute that Ms. Polk may have something to do with distributing these drugs. Now, if that's the government's theory, it's possible to imagine that a jury could say, all right, constructive possession, he shares this closet, it's a small one-room apartment with this woman, but... How about him saying, you got me again, and then saying to Ms. Polk, I'm not going to see you for a long time. I mean, they're almost confessions. I think it shows, I think the government could argue, it shows a consciousness that something, that there was contraband in the apartment, right? He's a parolee, he's making these statements after drugs and guns were found in the small one-bedroom apartment that he resides in. But if we're looking at consciousness of guilt, Ms. Polk shares the exact same consciousness of guilt, because when she finds out that the authorities are heading back to the apartment, she's running the stoplights, she's rushing back there to get there before law enforcement. So it's clear she knows there's contraband in the apartment as well. And given the set of facts, a jury easily could have said, you know what, they could have reached the compromise of saying, you know what, fine, the government has shown constructive possession, but they haven't shown that Mr. Jackson was the person distributing them, that he had an intent to distribute them. And so the district judge looks at this, presumably at the point of having heard all of the evidence and testimony comes in and says, well, you know, I think a rational jury could go either way, but there's, you know, no evidence of personal use and there's lots of evidence of intent to distribute, and his statements suggest his own involvement in distribution, especially the, you know, it's going to be a long time, etc., and his warning to her beforehand. And so in my, I think really it's much more likely that the jury would, my discretionary judgment is that nine times out of 10, a jury is going to convict for distribution, convict him for distribution. And I would submit that's an error, Your Honor. The moment the judge says a rational juror could go either way, that answers the question of whether this defendant is entitled to a lesser included charge. That's the answer right there, Your Honor. So there's no discretion? The judge has the discretion of weighing the facts, but if the facts clearly show that a rational juror could go either way, then the judge is abusing his discretion if he refuses to give... So the judge can weigh the facts, but has to conclude all juries would weigh them the same as he would. No, Your Honor, but if he concludes that a rational, one rational view of this evidence supports that conclusion, then the instruction must be given. And of course, this Court, I would respectfully submit, should be encouraging district courts to provide these lesser included charges, because what's the harm, right? If the district court really thinks that it's more likely than not the jury will find distribution, but a rational juror could find maybe simple possession, then put it in the hands of the jury. Why are we having judges make this determination? I mean, it seems like there was a misunderstanding on both sides below as to the elements, if I'm remembering the record correctly. There was like, oh, I'm not sure that there's a match of the elements. I mean, clearly the instruction could have been given. But that seemed a little bit contested. I think if the instruction could have been given under these facts, right? If we think that that's a rational view of this evidence, then the instruction should have been given. And I think it was error for the Court. Well, see, I think, yeah, the question is, was it within the district court's discretion to give this instruction? And your, I think your argument is, tell me if I'm wrong, if the answer to that is yes, then it was an abusive discretion not to. I'm not certain how I frame it, Your Honor. But it's almost as if the argument we're having right now is that unless there's no rational view of the evidence that could support distribution, that's the only time that a court is required to chart the lesser included. And that's certainly not, that's not the rule. Let me ask it this way. If it was within the court's discretion to give the instruction, is it your view that the judge must give the instruction? I think, I don't want to lie to your question, but I think if there's a rational view of the evidence, then yes. No, no, but if, we know it's within, it's a discretionary determination whether to give. If it is within the judge's discretion to give the instruction, must the judge give the instruction, yes or no? I think logic may dictate that. If it's in his discretion in the sense that it would be a reasonable view of the evidence, then the instruction should be given. And again, I don't see the harm in that rule. There's no harm in the rule. It's just not a discretionary decision. I think it's within the judge's discretion in the sense that, again, we respect the district court's ability to be there firsthand, to be the judicial party that sees the witnesses, listens to the evidence, and is in the best position to evaluate whether or not there's a rational view. But in this case, there's no mistaking that there's a rational view. And again, the contrary position would be essentially that a judge's determination in this regard is almost unreviewable. It would make the standard virtually meaningless. Well, we have cases that say where there's a lot of evidence of personal use and sort of less evidence of distribution, that would be such an instance. But that's almost inverting the standard. That's almost to say that only in a case where no reasonable jury could find distribution is a judge required to give the charge. And under those circumstances, why would anyone ever need to raise this issue on appeal? Presumably under those circumstances, this case would just find the evidence was insufficient to support distribution. So it almost renders the refusal to give a charge unreviewable if the court were to adopt that standard. And I don't believe that's what the law requires. Thank you, counsel. You've reserved a couple of minutes for rebuttal. Good morning. May it please the court. Melissa Marangola appearing on behalf of the United States from the Western District of New York. I have a question out of the gate, which you may anticipate. Was it within the district court's discretion to give the instructions? It was squarely within the district court's discretion whether to give that lesser included or not. And as the government briefed in its papers, this decision of the lower court judge was not arbitrary. It was not irrational. He based his decision on rejecting the defendant's request to give the lesser included charge based on the record before him. And it's clear from the record that these drugs and the firearms that were found in the residence were to distribute. There's nothing in the record that suggests personal use. Can I ask you about that? This fellow was on parole in state court, right? That's correct. So this is the frustration of being on the appellate court instead of the trial court. I would have asked the question if I were there, was he being drug tested? Did the government put in any evidence that he was testing clean to refute the idea of simple possession? Well, that wasn't part of the record, Your Honor. There was a stipulation before court saying that the search was lawful based on the defendant's request to minimize the role of parole so as not to impact the jury verdict. So that wasn't in there. But the defendant, to your point, never brought in that he was a drug user. But that's not his obligation. But there was no affirmative evidence that he was not personally using drugs. Correct, Your Honor. And there was no evidence in the record that he was. In fact, the defense never raised that in opening statement, at closing statement. As this court is aware, the full record was a defense where they threw all their chips into one defense. Not that he was using or he possessed those items for personal use. It was that they all belonged to his girlfriend. And the overwhelming circumstantial evidence in this case shows that they jointly and constructively possessed those items. As I believe the court pointed out this morning, it was a small apartment where the drugs, a larger rock of crack cocaine, in addition to 10 baggies of smaller packaged cocaine, as well as fentanyl mixed with methamphetamine, two firearms, razor blades, and other packaging material were all located in a purse. In close proximity to $10,000. All of that is indicative of circumstantial evidence of drug trafficking. An expert testified at trial that stated, if he was a user would have other items, including crack pipes, spoons, syringes, he would find tin foil or Brillo pads. And none of that was located in this house. So, I hear all that and as you phrased it, overwhelming evidence. Do you think a rational jury could have acquitted of distribution? A rational jury could have acquitted over distribution. Yes, and they didn't. They listened to all of the evidence, the arguments. And you answered the first question, my first question, was it within the district court's discretion to give the instruction? Yes, and I think that has to be the answer. So, that would mean a rational jury, a rational jury could find the defendant guilty of simple possession, but acquit of distribution, right? I don't know if on these facts, any rational juror could have found him guilty of simple possession. How could the district court, how could it be within the district court's discretion to give the lesser included instruction? Well, it's within a district court's discretion to grant a lesser included if applicable, and if it's based on the record. Right, but the facts are, the elements of the lesser offense are a subset of the elements of the charge defense, and the evidence at trial permits a rational jury to find the defendant guilty of the lesser offense and acquit him of the greater. So, wouldn't the judge have to conclude that in order to give the... I'm sorry, maybe I misunderstood your question. Yes, a judge would have to conclude, not only prong one, that it is a lesser included, which the government conceded it is here. Right, clear. The second prong is whether or not a rational juror could have found that he possessed these narcotics with the intent to use only. And this judge listened to the evidence presented, considered the arguments... Right, but sorry, just to finish the thought. The first answer, which I think has to be right, was it within the judge's discretion to give the lesser included? It was within his discretion. And for that to be the case, doesn't the judge have to conclude that a rational jury could find the defendant guilty of possession, but acquit him of distribution? He had to consider that, Your Honor, but he did consider the defendant's request. No, and my hypo... Sorry, you're fighting my hypo a little. I'm being unclear, and if so, I apologize. My hypo, we have... So we start with the question, was it within the judge's discretion to do so? So imagine a trial. Everything's the same. The judge says, I'm going to exercise my discretion and give this instruction. Yes? Yes. Could happen under these facts. Yes. For that to be the case, doesn't the judge have to conclude that a rational jury could find the defendant guilty of possession, but acquit him of distribution? Yes.  Then, it's sort of the same question to the other side, is I don't really understand how this is an abuse of discretion because if the test is, if you're conceding that... to give the instruction that a rational jury has to... that the judge has to conclude that a rational jury has to find the defendant guilty of... guilty of possession, but acquit of distribution, then in that case, doesn't he have to give, doesn't the district court have to give the instruction? Under a different set of facts, perhaps, yes, Judge, but under these facts, presently before the court, there's nothing in the record to suggest at all that this was personal use. That was never advanced before the jury and by providing that... the judge here could not give the lesser included instruction. It's the government's position that the district court was correct in denying it because no rational juror... Different question. No, so no rational juror. On this set of facts... So then, on this set of facts, I'll go back to my first question, could the district court have given the instruction? I think he would have been incorrect to do so, but it is within his discretion. I think he would have been incorrect to do so because I don't believe, and the government's position has been all along, that no rational jury could have found him guilty of possession because that was never advanced to the court. That wasn't even in the realm of evidence. We're going around a little bit and I think, candidly, I think the problem is we don't have the instruction and review for abuse of discretion because it seems like either objectively a rational juror could conclude this or they couldn't and so I'm not... I'm relatively new to standards of review after a long time on the trial court, but in my head, I don't know how to put together abuse of discretion in this test. If you could help me see it, I'd appreciate it. Well, I agree with you. It's an oddity and counsel correctly pointed that out as well, but what we're left with here is did the district court abuse his discretion? And he did not. It wasn't an irrational or arbitrary decision he made. As he said, the record was clear that there's nothing in the record to suggest that it would be appropriate to give that charge and based on the record that I'm reviewing and the entirety of the trial, there was nothing advanced by the defendant and there was no testimony given by any witness that would suggest personal use. So to suggest that this district court judge should have given that instruction just because he could isn't really the question but it wasn't. It was based on the evidence that he presided over. So it was appropriate and it was within his discretion. So this court should not set aside the verdict of the jury based on that. Can I ask you about on the charge issue, the alternative argument which I think you alluded to which is under this Beverly case that you don't give the lesser included offense instruction if the defense at trial doesn't fall together. So in this case, if Mr. Jackson's primary or really sole argument at trial is I didn't have, this was not my stuff, then it would not matter whether it was his stuff to use or his stuff to sell.  And that's the government's point. Exactly. He went all in on the one defense that it wasn't mine, it was my girlfriend's. I didn't know about it. I had nothing to do with it. So either way, he would be not guilty on the simple possession or the possession with intent to distribute. And that doesn't, that doesn't seem to come up throughout. These are just old cases that we deal with on this, right? Is it just that there's not a lot, this just doesn't come up that often and that why we don't have a lot of cases on this? Well, we cited everything in our brief that we found. I mean, probably it's given, usually, right? I don't know that it's given, perhaps under different circumstances. I mean, the cases cited by the defendant all include low amounts of narcotics being present. And that's fair. There was a somewhat small amount of narcotics in here. Standalone, he may have an argument and that may indicate personal use. But here, not with the $10,000, not with the other drug paraphernalia for distribution, not with the firearms. Collectively, this all leads to one thing and that was intent to distribute. And if there are no further inquiries, I will rest. Thank you. Thank you, counsel. Mr. Bresson is in reserve two minutes. Thank you. First, I want to say, Mr. Jackson's defense was not inherently inconsistent that he possessed the drugs without an intent to distribute. His defense was essentially these drugs were being distributed by Ms. Pope. The government's counter to that in their summation was joint and constructive possession, right? And so if the jury were to accept that set of facts, regardless of whether the defendant put in evidence that he was a personal drug user, a rational jury might conclude that, yes, he exercised control  So setting aside whether or not Mr. Jackson put in evidence of personal use... Just help me understand. So the jury would think joint possession, but... and the drugs are there for distribution by Ms. Pope, but he's got no intent to distribute. So... So, I mean... The government harped on this concept of constructive and joint possession, right? And the jury was struggling with this. We know the jury was struggling with this exact issue. The first questions they ask when they go out for deliberations, they come back and they ask about joint possession and they ask about the evidence that Ms. Pope said the money was hers and not the defendant's. And then they come back and they say, we're deadlocked, right? And it's only when the judge comes back and charges the concept of constructive possession that they finally end up convicting Mr. Jackson. So that concept... But if they believed Mr. Jackson's theory that he had neither constructive nor joint possession, then he wouldn't be convicted of simple possession either. I think he argued both. He didn't have the intent to distribute and he didn't possess the drugs. The jury didn't have to accept both of those. They could have accepted one. There's no reason that those couldn't be considered separately, Your Honor. So the defense... And I will say, Your Honor, you mentioned United States v.  There was another case that people cited, U.S. v. Thornton, for this concept that a defense was just inconsistent with personal use. Those cases didn't resemble this case. In Beverly, you had multiple controlled purchases. You knew there were sales. They had the defendant selling. In Thornton, there was $150,000 worth of heroin recovered from the apartment. So these cases don't resemble this case in that there was never a serious issue in either of these cases about the defendant distributing. One final point, if I have time to make it. I will note that, and we cite this in our principal brief, there's at least three circuits that have made the point that this analysis that the court has before it should not collapse into a sufficiency of the argument analysis. It's United States v. Gibbs in the D.C. circuit, United States v. Gentry in the 5th circuit, and United States v. Burns in the 10th circuit. And in all those cases, they said, yes, there was sufficient evidence that a jury might have inferred distribution, but that doesn't mean the district court didn't err in failing to provide this instruction because it comes down to whether a rational juror could have accepted it. I mean, that has to be true because you wouldn't, there would be no need to get to the second question if you conclude a lack of sufficiency. The issue could never be brought before this court. It would be unreviewable. And I respectfully submit that's not the standard. Thank you, counsel. Thank you both. Thank you. We'll take the case under review.